```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NATALIA NICOLAE PAVLENCO,

                    Plaintiff,         MEMORANDUM & ORDER
                                       13-CV-1953(JS)(AKT)
        -against-

DOUGLAS ALAN PEARSALL,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:    Natalia Nicolae Pavlenco, pro se
                  32 Grove Street
                  Riverhead, NY 11901

For Defendant:    Douglas Alan Pearsall, pro se
                  P.O. Box 341
                  Mattituck, NY 11952
```

SEYBERT, District Judge:

Currently pending before the Court is pro se defendant Douglas Alan Pearsall's ("Defendant") motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, Defendant's motion is DENIED, but the Court sua sponte ORDERS a stay.

BACKGROUND

Pro se plaintiff Natalia Nicolae Pavlenco ("Plaintiff") commenced this action on April 4, 2013 against Defendant, her estranged husband. Plaintiff alleges that she came to the United States from Russia with a "K1 visa" on December 13, 2004 and that she married Defendant shortly thereafter on December 29, 2004. (Compl. at 3.)

Apparently some time around Plaintiff's entry into the United States and her marriage to Defendant, Defendant signed what is known as an I-864 support affidavit. (Compl. at 2, 4.) An I-864 support affidavit comes from the Immigration and Nationality Act which provides, in relevant part, that one applying for a visa who is likely to become a public charge at the time of application is inadmissible unless "the person petitioning for the alien's admission . . . has executed an affidavit of support . . . ." 8 U.S.C. § 1182(a)(4)(C)(ii). Such an affiant must agree to "provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1183a(a)(1)(A).

Plaintiff alleges that Defendant now refuses to comply with his obligations under the I-864 affidavit.[1] Currently, the two are involved in divorce proceedings in which Plaintiff maintains that she has been unable to present any evidence in this regard. (Compl. at 3.)

## DISCUSSION

Defendant now moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The Court will

---

[1] Plaintiff has also asserted that she has suffered stress related injuries due to her divorce proceedings and seeks the Court's assistance in finding a lawyer to help litigate her divorce and obtaining an Order of Protection against Defendant. Such claims, however, are not properly before this Court.

2

first address the applicable standard of review before turning to Defendant's motion more specifically.

I. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Morrison v. Nat'l Australia Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008). The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of plaintiffs because subject matter jurisdiction must be shown affirmatively. See id.; Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

II. Subject Matter Jurisdiction

Plaintiff alleges that there is subject matter jurisdiction over this case because her claim for enforcement of

3

the I-864 affidavit presents a federal question. (Compl. at 2.) The Court agrees with this general premise.

Although there is little case law regarding I-864 support affidavits, those courts to address the issue have determined that federal courts do indeed have subject matter jurisdiction over an action to enforce an I-864 support affidavit as it is a suit that "arises under the laws of the United States . . . ." Tornheim v. Kohn, No. 00-CV-5084, 2002 WL 482534, at *3 (E.D.N.Y. Mar. 26, 2002); see also Cheshire v. Cheshire, No. 05-CV-0453, 2006 WL 617956, at *2 (M.D. Fla. Mar. 10, 2006) (collecting cases).

Also relevant to this inquiry, though, is whether applicable abstention doctrines bar this Court's review of Plaintiff's claims. The Court will consider these issues sua sponte. See Catlin v. Ambach, 820 F.2d 588, 591 (2d Cir. 1987).

A. Younger Abstention

Plaintiff seeks enforcement of the I-864 support affidavit despite ongoing divorce proceedings in state court. "As the Supreme Court emphasized in Younger v. Harris, federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003) (citations omitted). Younger abstention is mandatory when three conditions are met: "(1) there is an ongoing state proceeding;

4

(2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

Under the facts as presented here, Younger abstention appears applicable at first blush, and indeed various courts have noted the potential viability of this doctrine in similar cases. See, e.g., Cobb v. Cobb, No. 12-CV-0875, 2012 WL 2620524, at *3 (E.D. Cal. July 5, 2012) ("To the extent the affidavit has been brought to the attention of the state court, the Court notes that abstention may be appropriate under one of the applicable abstention doctrines."). However, whether Younger abstention is indeed applicable in this instance turns on whether the divorce proceeding affords Plaintiff an opportunity for review of her federal claim and whether the federal action will interfere with the state court proceedings. "A federal court-proceeding 'interferes' with a state-court proceeding for Younger purposes when it 'either enjoins the state proceeding or has the practical effect of doing so.'" Montgomery v. Montgomery, 764 F. Supp. 2d 328, 333 (D.N.H. 2011) (quoting Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 70 (1st Cir. 2005)). Here, Plaintiff alleges that Defendant's divorce lawyer did not allow her to present certain

5

evidence during a preliminary conference. (Compl. at 3.) She further affirms that she has not--as of yet--sought enforcement of the I-864 affidavit as part of the divorce proceedings. (Pl.'s Aff., Docket Entry 9, ¶ 3(4).) Thus, Plaintiff's request that the Court enforce the support affidavit does not necessarily equate to a request to enjoin anything in the state court divorce proceedings. See Montgomery, 764 F. Supp. 2d at 334 (finding that the plaintiffs' action to enforce an I-864 support affidavit was not barred by Younger abstention despite ongoing divorce proceeding because "plaintiffs do not ask this court to 'overturn' the Family Court's temporary order, or to enjoin [the defendant] from taking any actions which it authorized").

Moreover, although this may present a scenario of parallel actions, "the simple existence of 'parallel federal and state litigation' does not justify Younger abstention." Id.; see also Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc., 722 F.3d 88, 92 (2d Cir. 2013) ("[A]s between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (internal quotation marks and citation omitted) (emphasis omitted)).

B. Colorado River Abstention

6

Concurrent jurisdiction, however, does implicate Colorado River abstention. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), and its progeny, set forth the standards governing abstention when "state and federal courts exercise concurrent jurisdiction simultaneously." Gregory v. Daly, 243 F.3d 687, 702 (2d Cir. 2001) (internal quotation marks and citation omitted). To justify abstention, there must be "'exceptional circumstances,'" such as when "the resolution of existing concurrent state-court litigation could result in 'comprehensive disposition of litigation.'" Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001) (quoting Colorado River, 424 U.S. at 813, 817, 96 S. Ct. at 1244, 1246).

In determining whether Colorado River abstention applies, the court should consider:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

7

Id. (internal citations omitted). "No one factor is necessarily determinative." Id. (internal quotation marks and citation omitted). Instead, a "carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Id. (internal quotation marks and citation omitted). Furthermore, "[w]here a Colorado River factor is facially neutral, that is a basis for retaining jurisdiction, not for yielding it." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 101 (2d Cir. 2012) (internal quotation marks and citation omitted).

Preliminarily, there is no res involved, nor does it appear that either forum would be any less inconvenient for either party. However, the Court finds that the remaining factors weigh in favor of staying the action. First, staying the action very likely will avoid piecemeal litigation. Contra Montogmery, 764 F. Supp. 2d at 336-37 (noting that the District Court highly doubted that the state court would address the I-864 support affidavit given the prior events in the state court proceedings). Although Plaintiff indicates that she has not necessarily raised the issue of enforcement of the I-864 affidavit, Defendant has repeatedly stated to this Court such issue should be litigated in the divorce proceedings, implying that if Plaintiff does not raise the affidavit that Defendant

8

will. (See Docket Entries 7, 11.) Second, although neither party makes clear the exact stage of the divorce proceedings, the New York State e-courts system indicates that the divorce proceedings are at an advantaged stage of litigation, with a trial date set for December 3, 2013.[2] Third, although an I-864 support affidavit involves federal law, it is an issue that the state court is well-equipped to address. In fact, courts have found that the Rooker-Feldman doctrine bars a subsequent federal proceeding to enforce an I-864 support affidavit where the state court has already determined the proper scope of such obligations during divorce proceedings. See, e.g., Mathieson v. Mathieson, No. 10-CV-1158, 2011 WL 1565529, at *4 (W.D. Pa. Apr. 25, 2011); Nguyen v. Dean, No. 10-CV-6138, 2011 WL 130241, at *3-4 (D. Or. Jan. 14, 2011). Accordingly, a stay is appropriate at this juncture. See Cobb, 2012 WL 2620524, at *3 ("Before the Court can determine whether abstention is appropriate in this case, Plaintiff must clearly set forth whether the affidavit of support has been raised as an issue before the state court, and what, if any, determination has been made by the state court.")

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

---

[2] See Pearsall v. Pavlenco, No. 031962/2012 (N.Y. Sup., Suffolk Cnty.), docket sheet available at https://iapps.courts.state.ny.us/webcivil/FCASCaseInfo?parm=CaseInfo&index=hmKXky0nrr4thzSPUmK7jg%3D%3D&county=hGQrPNJ1T9IcJwe0grm9YA%3D%3D&motion=&docs=&adate=11/26/2013.

9

CONCLUSION

For the foregoing reasons, this action is sua sponte STAYED for six months. Plaintiff may apply to lift the stay upon resolution of the underlying state court proceedings. Moreover, Defendant's motion to dismiss the Complaint is DENIED WITH LEAVE TO RENEW once the stay is lifted.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  27 , 2013
       Central Islip, NY